**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
                         :

JUAN ALVAREZ, on behalf of himself and all  :
others similarly situated,                :
                         :

            Plaintiff,          :   Civil Action No.
                         :

vs.                        :   **CLASS ACTION COMPLAINT AND**
                       :   **JURY TRIAL DEMAND**

FEIN, SUCH, KAHN & SHEPARD, P.C.,  :
                         :

           Defendant.         :
                         :
                         :
—————————————————X

        Plaintiff JUAN ALVAREZ (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant FEIN, SUCH, KAHN & SHEPARD, P.C. (hereinafter "Defendant"), its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.     Plaintiff demands a jury trial on all issues.

## PARTIES

6.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.     Plaintiff is a natural person and resident of Essex County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Based upon information and belief, Defendant FEIN, SUCH, KAHN &

SHEPARD, P.C. ("FEIN SUCH" or "Defendant") is a law firm with offices located at 7

Century Drive, Suite 201, Parsippany, New Jersey.

9.     Based upon information and belief, Defendant is a company that uses the mail, telephone, email and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters, emails and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**
> All consumers located in New Jersey who during the Class Period were sent a collection letter or notice by or on behalf of Defendant to collect a debt in which such letter or notice sought to collect court costs prior to the entry of judgment against the consumer in a state court action seeking to collect the debt.

**Class 2**
> All consumers located in New Jersey who during the Class Period were sent a collection letter or notice by or on behalf of Defendant to collect a debt, which contained the same or substantially similar language:  "The Court has notified us that you have been served with a Summons and Complaint for collection of this matter.  Please be advised that you have thirty-five days from the date of service to file your responsive pleading in this matter."

**Class 3**

All New Jersey consumers who were sent letters, and/or notices from Defendant and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, email and/or notice that is sent to hundreds of persons (*See* **Exhibit A attached to the Complaint,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether Defendant violated various provisions of the FDCPA.

b.   Whether Plaintiff and the Class have been injured by the Defendant's conduct;

4

c.  Whether Plaintiff and the Class have sustained damages and
are entitled to restitution as a result of Defendant's
wrongdoing, and if so, what is the proper measure and
appropriate statutory formula to be applied in determining such
damages and restitution; and

d.  Whether Plaintiff and the Class are entitled to declaratory
and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same
operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the
other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and
has retained experienced and competent attorneys to represent the
Class;

- A Class Action is superior to other methods for the fair and efficient
adjudication of the claims herein asserted.  Plaintiff anticipates that no
unusual difficulties are likely to be encountered in the management of
this class action;

- A Class Action will permit large numbers of similarly situated persons
to prosecute their common claims in a single forum simultaneously
and without the duplication of effort and expense that numerous
individual actions would engender. Class treatment will also permit the
adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

17.     Prior to September 8, 2020, Plaintiff allegedly incurred a financial obligation to Amirata Surgical Associates ("ASA") related to medical services provided to Plaintiff.

18.     The ASA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal,

6

family or household purposes.

19.     The ASA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     ASA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     At some time prior to September 8, 2020, the ASA obligation became past due with a balance of more than $15,000.

22.     ASA then referred the past due obligation for collection to Defendant.

23.     On or about August 31, 2020, Defendant filed suit against Plaintiff in The Superior Court of New Jersey, Law Division, Special Civil Part, Essex County, Dkt. No. ESX-DC-10677-20 in the case of Amirata Surgical Associates. v. Alvarez, ("the State Court Action") seeking to collect on the ASA obligation with a balance due of $15,000.00.

24.     On September 8, 2020, Defendant sent to Plaintiff a collection letter ("the Collection Letter") seeking to collect a principal due amount of $15,000.00 plus court costs of $82.00 for a total Balance Due amount of $15,082.00  See, attached Exhibit A

25.     Defendant was not entitled to demand the $82.00 in court costs since no such judgment had been entered in the State Court Action entitling Defendant to recover court costs from Plaintiff.

26.     The September 8, 2020 collection letter was sent to Plaintiff in connection with the collection of the ASA obligation.

27.     The September 8, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

28.     Additionally, the Collection Letter provided:

The Court has notified us that you have been served with a Summons and

Complaint for collection of this matter.  Please be advised that you have thirty-five days from the date of service to file your responsive pleading in this matter.

29.     However, Defendant's statement that Plaintiff only had 35 days from the date of service to file an Answer was incorrect.

30.     The state court file indicated that the summons was served by mail on Plaintiff on September 2, 2020.  See, attached Exhibit B.

31.     The summons in the State Court Action indicated that the Answer was due on October 12, 2020.  See, Exhibit C.

32.     Thus, Plaintiff had a total of 40 days from the date the summons was served by mailed to file an Answer.

33.     Yet, Defendant did not inform Plaintiff that he had an additional 5 days to file an Answer since service of the Summons and Complaint.

34.     Thus, the least sophisticated consumer would interpret that the language in the Collection Letter to mean that an Answer would be due on October 7, 2020, when in fact the Answer was not due until October 12, 2020.

35.     The Collection Letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

37.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

38.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

39.     Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

40.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

41.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding his or her rights under the FDCPA.

43.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

46.     Plaintiff's receipt of a collection letter which provided incorrect,

incomplete and confusing information constitutes a concrete injury.

47.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

48.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted his or her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

49.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

50.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     By making false representations of the character or legal status of a debt; and

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

51.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibits to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

52.     Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if the same were set forth at length.

53.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

54.     By sending a collection letter and/or emails, the same as or substantially similar to the attached exhibits, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; a

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

11

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

 (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
     September 8, 2021

          Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated:  September 8, 2021      By: s/ Lawrence C. Hersh
                  Lawrence C. Hersh, Esq

EXHIBIT A

ALAN F. SUCH
HENRY H. FEIN
PHILIP A. KAHN
JAMES E. SHEPARD
GREGG P. TABAKIN
ERIC S. KAPNICK
VINCENT DiMAIOLO, JR.
PETER R. DAY (1957-1990)

# FEIN, SUCH, KAHN & SHEPARD, P.C.
## COUNSELLORS AT LAW
7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
(973) 867-4541

FACSIMILE (973) 644-3287

*Of Counsel*
PHILIP I. LEVITAN (ext. 329)
HARRY FRIELAND (ext. 3394)
—————
BRIAN P.S. MCCABE (ext. 183)
TATIANA CESPEDES (ext. 125)
DAVID J. LEVINE (ext. 126)
ALVIN L. DARBY (ext. 212)

September 8, 2020

Juan Alvarez

█████████████

Re: Amirata Surgical Associates v JUAN ALVAREZ
Docket Number: ESX  DC-010677-20
Our File Number: █████ 29

Re:    Creditor: Amirata Surgical Associates
       Principal Due:                                      $15,000.00

       Court Costs:                                           $82.00

       Balance Due                                        $15,082.00

       Our File No.: █████129

Dear Sir/Madam:
The Court has notified us that you have been served with a Summons  and Complaint for collection of this matter. Please be advised that you have thirty-five (35) days from the date of service to file your responsive pleading in this matter.

Should you desire to resolve this matter in an amicable fashion, kindly provide this office with payment in the above sum or contact John G at extension Ext. 253 between the hours of 8:30AM and 5:00PM Monday through Friday.

[  ]  Enclosed is payment in full of $15,082.00 Please notify the Court.
[  ]  I desire to pay this matter via a monthly payment plan. I can offer _____per month on the balance, starting _____.
Please contact me at the telephone number listed below.
[  ]  I am not willing to pay this matter voluntarily because:

**Name:**_____

**Phone #:**_____
**This communication is from a debt collector.**       **The best time to call me is _____am/pm**
Very Truly Yours,
FEIN SUCH KAHN & SHEPARD, PC

EXHIBIT B

```
ESSEX SPECIAL CIVIL PART          :
HALL OF RECORDS - ESSEX COUNTY :
465 MARTIN LUTHER KING BLVD     :
NEWARK NJ 07102                   :
(973) 776-9300                    :
CASE NUMBER:
   ESX DC-010677-20              :
AMIRATA SURGICAL ASS            :
   VS              CV0210  : AUGUST 31, 2020
ALVAREZ JUAN                    :
                                  :
                                  :
A SUMMONS WAS MAILED TO         : PHILIP A KAHN
DEFENDANT(S) ON 09-02-20 FOR    : FEIN SUCH KAHN & SHEPARD P
CASE DC-010677-20. UNLESS       : 7 CENTURY DR STE 201
OTHERWISE NOTIFIED, THIS CASE   :
WILL DEFAULT ON 10-12-2020.     : PARSIPPANY NJ
                                  :
                                  :            07054-4609
                                  :
                                  :
                                  :
                                  :
                                  :
```

EXHIBIT C



| Court's Address and Phone Number: | **Superior Court of New Jersey** |
|---|---|
| ESSEX Special Civil Part | **Law Division, Special Civil Part** |
| 465 DR. M. L. KING, JR. BOULEVARD, ROOM 201 | |
| NEWARK, NJ 07102-0000 | **ESSEX** County |
| | Docket No: **ESX-DC-010677-20** |
| 973-776-9300 ext.56800 | **Civil Action** |
| | **CONTRACT DISPUTE** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| AMIRATA SURGICAL ASSOCIATES | JUAN ALVAREZ |

| **Plaintiff's Attorney Information** | **The Person or Business Suing You Claims You Owe the Following:** |
|---|---|

| **Plaintiff's Attorney Information** | | |
|---|---|---|
| PHILIP A KAHN | Demand Amount | $15000.00 |
| FEIN SUCH KAHN & SHEPARD PC | Filing Fee | $75.00 |
| 7 CENTURY DR STE 201 | Service Fee | $7.00 |
| PARSIPPANY, NJ 07054-4609 | Attorney's Fees | $0.00 |
| 973-538-4700 | **TOTAL** | **$15082.00** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 10/12/2020, OR THE COURT MAY RULE AGAINST YOU.  IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1.  ***Answer the complaint***. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
    *   Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **ESX-DC-010677-20** (your Docket Number) on the check.
    *   Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
    *   Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **10/12/2020**.

2.  ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **10/12/2020**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 973-624-4500. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 973-622-6204. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**

Clerk of the Superior Court



| Dirección y teléfono del tribunal<br>Parte Civil Especial de ESSEX<br>465 DR. M. L. KING, JR. BOULEVARD,<br>ROOM 201<br>NEWARK, NJ 07102-0000<br>973-776-9300 ext.56800 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br><br>Condado de **ESSEX**<br>Número del expediente **ESX-DC-010677-20**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>CONTRACT DISPUTE |

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando** *(el demandante)*<br><br>AMIRATA SURGICAL ASSOCIATES<br><br>**Información sobre el abogado del demandante**<br>PHILIP A KAHN<br>FEIN SUCH KAHN & SHEPARD PC<br>7 CENTURY DR STE 201<br>PARSIPPANY, NJ 07054-4609<br>973-538-4700 | **Persona o comercial ser demandada** *(el demandado)*<br>JUAN ALVAREZ<br><br>**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |

| | |
|---|---|
| Cantidad a la vista | $15000.00 |
| Tasa judicial | $75.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$15082.00** |

**PARA USO EXCLUSIVO DEL PODER JUDICIAL**

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO** CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR **UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 10/12/2020 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA DE LAS SIGUIENTES COSAS O LAS DOS:</u>**

1. *Responder a la demanda.* Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "*Treasurer, State of New Jersey* " (Tesorero del Estado de Nueva Jersey). Incluya **ESX-DC-010677-20** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **10/12/2020**.

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **10/12/2020.**

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 973-624-4500. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 973-622-6204. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ **Michelle M. Smith**

Subsecretario(a) del Tribunal Superior